NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOHN MCGILL, | : | |
| | : | |
| Petitioner, | : | Civil No. 12-5346 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BEVERLY HASTINGS, et al., | : | |
| | : | |
| Respondents. | : | |

**PISANO, DISTRICT JUDGE**

Petitioner John McGill ("Petitioner"), a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition will be denied.

**I. BACKGROUND**

Petitioner is currently serving a term of life imprisonment with a mandatory minimum of twenty-five years imposed on his September 27, 1983 conviction for first-degree murder. *McGill v. N.J. State Parole Bd.*, 2011 WL 6003920, at * 1 (N.J. Super. Ct. App. Div. Dec. 2, 2011). That sentence was made to run consecutive to an aggregate six-and-one-half year term imposed on unrelated convictions for theft, forgery and uttering a forged check. *Id.* Petitioner became eligible for parole on January 26, 2009. *Id.* On October 31, 2008, a hearing officer referred the matter for a hearing before a Board Panel pursuant to N.J.A.C. 10A:71–3.15(b). *Id.* On December 4, 2008, after a hearing which included an interview with Petitioner and a review of his parole file, a two-member Board Panel denied parole and referred the matter to a three-member Panel for the establishment of a Future Eligibility Term (FET) outside of the administrative

2

guidelines.  *Id.*

On April 15, 2009, a three-member Panel established a 120–month FET in a written decision.  *Id.*  Petitioner appealed both panel decisions to the full Board.  *Id.*  On July 28, 2010, the full Board affirmed the Panels' decisions to deny parole and establish a 120–month FET.  *Id.* Petitioner appealed the full Board's decision to the Appellate Division, which affirmed the Board's decision.  *Id.*  The New Jersey Supreme Court thereafter denied certification.  *McGill v. N.J. State Parole Bd.*, 40 A.3d 733 (N.J. 2012).

On August 7, 2012, Petitioner filed the instant habeas petition.  (ECF No. 1.)  He argues that his Fourteenth Amendment right to due process was violated because he could not authenticate the Parole Board's decision.  (Pet. ¶ 12a.)  He further argues that the Appellate Division's failure to apply a subsequent law limiting FET's to three years was an "ex post facto law in violation of Article 1, § 9 and § 10 of the United States Constitution."  (*Id.*)  Finally, Petitioner argues that the Parole Board miscalculated his primary parole eligibility date.  (*Id.*)

## II. DISCUSSION

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> . . .
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits

3

in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . .

28 U.S.C. § 2254.

"As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." *Id.* A federal court's authority to grant habeas relief is further limited when a state court has adjudicated petitioner's federal claim on the merits. *See* 28 U.S.C. § 2254(d).[1] If a claim has been adjudicated on the merits in state court proceedings, this Court "has no authority to issue the writ of habeas corpus unless the [state court's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the

---

[1] "[A] claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground." *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009) (quoting *Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009)). "Section 2254(d) applies even where there has been a summary denial." *Cullen*, 131 S.Ct. at 1402. "In these circumstances, [petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the [state court's] decision." *Id.* (quoting *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)); *see also Johnson v. Williams*, 133 S.Ct. 1088 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted").

4

State court proceeding.'" *Parker v. Matthews*, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)). However, when "the state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by AEDPA . . . do not apply." *Lewis*, 581 F.3d at 100 (quoting *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001)).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' [and] therefore cannot form the basis for habeas relief under AEDPA." *Parker*, 132 S.Ct. at 2155 (quoting 28 U.S.C. § 2254(d)(1)).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court applies a rule that "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result.]" *Williams*, 529 U.S. at 405–06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. However, under § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011) (quoting *Williams,* 529 U.S. at 410). As the Supreme Court explains,

> a state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.... Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington*, 131 S.Ct. at 786 (citations and internal quotation marks omitted).

"If this standard is difficult to meet—and it is—that is because it was meant to be." *Burt v. Titlow*, 134 S.Ct. 10, 16 (2013) (citations and internal quotation marks omitted). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen*, 131 S.Ct. at 1398.

## B. Analysis

With regard to his first ground, Petitioner states that based on the amount of time it took the Parole Board to render prior decisions, it is "highly unlikely" that the document containing the Board's decision is authentic. (Pet'r's Br. ¶ A(3).) Pursuant to 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." In their decision affirming the Parole Board's findings, the Appellate Division found that the Board's decision was issued on July 28, 2010. *McGill*, 2011 WL 6003920, at * 1. Petitioner has put forth no evidence to suggest that the decision was entered at any time other than the date on the document. He merely speculates that he does not believe the date to be possible. Petitioner has fallen far short of his burden and he is not entitled to any relief on this basis.

6

Petitioner next argues that "if the document in question was not prepared in the manner portrayed by the Parole Board, then the Petitioner's due process rights, and his right not to be subjected to an ex post facto law have been violated."  (Pet'r's Br. ¶ B(1).)  Effective August 1, 2010, N.J.S.A. 30:4–123.56(a) was amended to state that "in no case shall any parole eligibility date scheduled pursuant to this subsection be more than three years following the date on which an inmate was denied release."  L.2009, c. 330, § 6, eff. Aug. 1, 2010.  As correctly found by the Appellate Division, the full Parole Board's final decision adopting the 120-month FET was issued on July 28, 2010 and therefore the amendment to N.J.S.A. 30:123.56(a) establishing a maximum period of three years for any FET had not yet become effective.  As acknowledged by Petitioner himself, since the decision was issued prior to the effective date of the amendment, his "right not to be subjected to an ex post facto law" was not violated.

Finally, Petitioner alleges that the Parole Board improperly calculated his parole date. Specifically, Petitioner argues that "his original parole date should have been set to April of 2008 and the Parole Board has a date that has fluctuated from October 2008 to April of 2009."  (Pet'r's Br. ¶ C(2).)  Petitioner raised this argument in a previous case before the Appellate Division, which held as follows:

> McGill therefore argues that his parole ineligibility term cannot be more than twenty-five years, and the April 21, 2009 date calculated by the Parole Board is twenty-six years to the date of his last sentence so that therefore the Parole Board's calculation is incorrect. McGill's calculation is based on the fact that he was sentenced to life imprisonment on November 10, 1983, and was given 205 days of jail credits. Therefore, he argues that his life sentence actually began in April 1983 and that his proper parole eligibility date is April 2008.
>
> We agree with the calculation by the State Parole Board. In addition to his life sentence, McGill was previously sentenced to a six and one-half year term, which comprised a five year sentence that began on December 23, 1982 and an eighteen-month consecutive sentence which began on June 12, 1984. As to those sentences,

McGill's parole eligibility date was November 12, 1984, calculated by taking one-third of each sentence and adding work credits.

McGill's November 10, 1983 of a life term within a twenty-five year parole ineligibility was imposed by the sentencing judge to run consecutively to the six and one-half year sentence previously imposed, and he was awarded 205 days of jail credit on that judgment of conviction.

The Parole Board relies upon the regulation which provides as follows:

When a consecutive term is imposed, the parole eligibility term derived from the consecutive term, less county jail credits, shall be added to the parole eligibility term derived from the original term, less county jail credits, to determine the aggregate parole eligibility term.

[N.J.A.C. 10A:71-3.2(d).]

Under the regulation the calculation for parole eligibility begins by determining the parole eligibility term on the original term, which is the initial six and one-half year sentence, and the parole eligibility date for the 1982 sentence was November 12, 1984 as indicated. Since the sentence on his murder conviction was consecutive to the 1982 sentences, the mandatory twenty-five year minimum term began to run on November 12, 1984. Therefore, the State Parole Board was correct in its calculation of McGill's parole eligibility date to be April 21, 2009.

*McGill v. Dep't of Corr.*, 2008 WL 126614, at * 1-2 (N.J. Super. Ct. App. Div. Jan. 15, 2008).

Petitioner has not pointed to any federal constitutional right which has been violated. Rather, he appears to simply disagree with the method employed by the Parole Board to determine his parole eligibility date.   The state court's decision to uphold the parole determination by the Board did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   The Appellate Division reviewed the method employed by the Parole Board, as well as the relevant administrative code, and found that the Board's determination was correct.   Petitioner is not entitled to relief on this ground.

8

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Thus, no certificate of appealability shall issue.

## IV.   CONCLUSION

For the above reasons, the § 2254 habeas petition is denied, and a certificate of appealability will not issue.   An appropriate Order follows.


Date:   November 19, 2014                                  /s/ Joel A. Pisano_____
                                                          JOEL A. PISANO
                                                          United States District Judge